■ RUDOLPH MEYER, Respondent-Appellant, v. EDWARD A. KIMMEL et al., Individually and as Copartners Doing Business under the Name of K. F. J. REALTY Co., Appellants-Respondents.— Order, entered June 24, 1963, and judgment entered thereon, unanimously reversed and vacated on the law, with costs to defendants, plaintiff's motion for summary judgment denied, defendants' cross motion for summary judgment granted, and plaintiff's complaint dismissed, with costs. It is conceded that the plaintiff, as a statutory tenant of premises subject to the Emergency Business Space Rent Control Law (L. 1945, ch. 314, as amd.), and the landlord entered into a decontrol lease of the premises, dated June 7, 1957, for the term of one year beginning July 1, 1957, and ending June 30, 1958. Said lease was offered and entered into pursuant to and fully in conformity with the provisions of subdivision (gg) of section 8 of said law (as amd. by L. 1956, ch. 735) and thereby the premises became decontrolled subject, however, to the terms of the lease. Upon compliance with the statutory provisions and the tenant having been afforded the full measure of protection contemplated thereby, namely, a tenancy for a year at the emergency rent, the parties, relieved from statutory restrictions, were entitled to negotiate and contract freely for a lease for an extended term and with respect to the terms and conditions thereof. There is nothing in the letter or the spirit of the statute to prevent the tenant from voluntarily contracting for a new lease for an extended term to commence prior to the expiration of the tenancy fixed by the decontrol lease. Here, the new lease voluntarily entered into on May 1, 1958, at an increased rental to commence on said date, was valid and fully effective, at least insofar as it established a rent for the period subsequent to the expiration of the tenancy under the decontrol lease. Therefore, this action by the tenant is not maintainable to recover the portion of such rent which exceeded the alleged emergency rent. (See *Latman* v. *Kalmor Builders*, 285 App. Div. 956.) And, if a cause of action did exist to recover excess rental paid for the months of May and June, 1958, the same is barred by the one-year Statute of Limitations. (See Emergency Business Space Rent Control Law, § 11.) Concur — Botein, P. J., Breitel, Rabin, Stevens and Eager, JJ.